**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Gomez,<br><br>        Plaintiff,<br><br>v.<br><br>American Medical Systems Incorporated,<br><br>        Defendant. | No. CV-20-00393-PHX-ROS<br><br>**ORDER** |

        Pending before the Court are seven *Daubert* motions—three by Plaintiff Shannon Gomez ("Gomez") and four by Defendant American Medical Systems Inc. ("AMS")—and AMS's motions to strike each of Gomez's *Daubert* motions. The Court cannot decide the merits of the *Daubert* motions because two of Gomez's *Daubert* motions were improperly filed and both parties failed to file papers related to the *Daubert* motions. The Court will require parties to file papers in accordance with this Order and Local and Federal Rules.

## BACKGROUND

        This case originated in one of seven multidistrict litigations ("MDLs"), each against a different manufacturer, totaling more than 100,000 cases, being handled by the Southern District of West Virginia. (Doc. 52 at 1). The MDLs concern products liability for pelvic repair systems, that is, vaginal mesh. (Doc. 52 at 1). Across the seven MDLs, many of the manufacturers relied on the same experts, but the experts filed different reports in each MDL.

        Gomez filed her Amended Short Form Complaint on June 28, 2013 alleging a wide variety of claims as a result of the implantation of two AMS vaginal mesh products. Gomez

asserted claims for negligence; gross negligence; design defect; manufacturing defect; failure to warn; defective product; breach of express warranty; breach of implied warranty; violation of consumer protection laws; fraudulent concealment; constructive fraud; discovery rule, tolling and fraudulent concealment; negligent misrepresentation; negligent infliction of emotional distress; unjust enrichment; and punitive damages. (Doc. 17).

While this case was in the MDL, fact and expert discovery was completed. (Doc. 52 at 1). The parties also were required to file dispositive and *Daubert* motions. (Doc. 52 at 1). In Pretrial Order #255, the MDL judge set October 18, 2018 as the deadline for *Daubert* motions. (Doc. 35). AMS filed four timely *Daubert* motions challenging the opinions and testimony of Dr. Bruce Rosenzweig; Dr. Jerry Blaivas; Dr. Vladimir Iakovlev; and Drs. Scott Guelcher and Jimmy Mays. (Docs. 58-6 at 1; 58-18 at 1; 58-21 at 1; 58-31 at 1). On November 9, 2018, Gomez filed her own *Daubert* motion, seeking to exclude the testimony of Dr. Debora L. Joslin. (Doc. 58-11 at 1–2). On November 16, 2018, AMS moved to strike Gomez's *Daubert* motion as untimely. (Doc. 58-16 at 1). In AMS's Motion to Strike, AMS also responded to the merits of Gomez's motion regarding Dr. Joslin. (Doc. 92 at 3–8). Gomez never responded to AMS's Motion to Strike nor replied to AMS's argument on the merits. The *Daubert* motions were not resolved by the MDL court.

In the order transferring the case to this Court, the MDL court ordered the parties to designate relevant documents from the MDL in order to constitute an appropriate record for this Court. (Doc. 52 at 2). On February 19, 2020, parties filed the Joint Designation of Record for MDL Transfers. (Doc. 53). In it, Gomez included a Notice of Adoption, purporting to adopt prior *Daubert* motions filed in separate cases for some of AMS' experts (Dr. Stephen Badylak, Dr. Karen Becker, Adam Kozak, and Dr. James Coad). (Docs. 53 at 3; 81 at 3). The Notice of Adoption did not cite specific prior motions but claimed to "hereby adopt and incorporate by reference all prior Daubert Motions filed in this MDL and related MDLs" for the four witnesses. (Doc. 53-35 at 1). Additionally, the Notice of Adoption was filed in a later "wave" of cases in the AMS MDL, not the "wave" that

included Gomez's case.[1] (Doc. 53-35 at 1).

On February 20, 2020, the case was transferred to the District of Arizona. (Doc. 52 at 2). After arriving here, Judge Diane J. Humetewa ordered the parties to "refile *Daubert* motions to only include factual information relevant to this Plaintiff and not other plaintiffs who are not present in this case" by March 20, 2020. (Docs. 56; 60).[2] On March 20, 2020, AMS filed its four *Daubert* motions and Gomez filed three motions. (Docs. 61; 67; 72; 74). Gomez filed responses for each of the four motions. (Docs. 80; 82; 83; 84). AMS failed to file replies.[3]

In support of her motions, Gomez filed a variety of briefs taken from other MDLs concerning different mesh products and manufacturers. Although the defendants in the other MDLs relied on the same experts, the experts submitted different reports in each MDL. Gomez filed three separate briefs[4] regarding a single witness, Dr. Badylak, and a brief taken from a separate MDL regarding Dr. Becker. In short, Gomez appears to have paid little attention to what she was filing and disregarded the order requiring the motions be updated to reflect information specifically relevant to this case.

On April 3, 2020, AMS filed a Motion to Strike to the *Daubert* motions related to Dr. Badylak and Dr. Becker. (Doc. 81). That motion argues the *Daubert* motions are irrelevant to the case, undercut the purpose of MDLs, and prejudice AMS. (Doc. 81 at 5–8). On August 31, 2020, AMS filed the Motion to Strike the Dr. Joslin *Daubert* motion in this Court. (Doc. 91). That motion argues the *Daubert* motion was filed more than three weeks late and includes a response on the merits of Gomez' motion to exclude Dr. Joslin. (Doc. 92 at 3–8). Gomez never responded to AMS's Motion to Strike regarding Dr. Joslin

---

[1] The MDL has consisted of numerous "waves" of cases. Each "wave" is virtually its own MDL with motions and orders that only apply to parties in that "wave." Later "waves" sometimes adopted motions from earlier "waves" to preserve legal resources. Here, however, Gomez attempts to include a Notice of Adoption from Wave 5 when Gomez's case was included in Wave 3 of the MDL. (Docs. 53 at 1; 35 at 1).
[2] This case was reassigned to this Court on September 1, 2020. (Doc. 93).
[3] AMS filed at least three replies in the MDL court but failed to refile the replies in this Court. (Docs. 58-9; 58-30; 58-34).
[4] Two of the briefs were taken from a separate MDL and one from an early "Bellwether" case in this MDL, which featured an expert report not relevant to this case.
[4] Two of the briefs were taken from a separate MDL and one from an early "Bellwether" case in this MDL, which featured an expert report not relevant to this case.

nor replied to AMS's argument on the merits.

According to the current Scheduling Order, Motions in Limine are due March 11, 2021; a Joint Proposed Final Pretrial Order is due April 1, 2021; and the Final Pretrial Conference is set for April 15, 2021. (Doc. 89). The Court has not yet set this matter for trial.

## LEGAL STANDARD

"It is well established that district courts have inherent power to control their docket." *Ready Transp.* v. *AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) (internal quotation and citation omitted); *see also Roadway Express. v. Piper*, 447 U.S. 752, 764 (1980) ("The inherent powers of federal courts are those which are necessary to the exercise of all others.") (internal quotation and citation omitted). Although Federal Rule of Civil Procedure 12(f) provides authority only to strike pleadings, a district court has the inherent power to strike a party's submissions other than pleadings. *N. Am. Specialty Ins. v. Nat'l Fire & Marine Ins.*, No. 2:10-CV-01859-GMN, 2013 WL 1332205, at *5 (D. Nev. Apr. 2, 2013); *see also AmTrust Bank v. Lewis*, 687 F. App'x 667, 671 (9th Cir. 2017).

## ANALYSIS

### I. MOTIONS TO STRIKE

On April 3, 2020, AMS filed a Motion to Strike Gomez's *Daubert* motions related to Dr. Badylak and Dr. Becker. (Doc. 81). Gomez filed three briefs in support of her motion to exclude Dr. Badylak: two from the different Boston Scientific vaginal mesh MDL and the other from an early "Bellwether" case within the AMS MDL with an irrelevant expert report. (Docs. 66-17; 69-1; 69-2). Gomez admits the expert opinions and reports in the other MDL are not identical but argues there are no meaningful differences that render the motions irrelevant. (Doc. 86 at 2). As for Dr. Becker, Gomez filed a brief from the different Coloplast vaginal mesh MDL in support of her motion regarding Dr. Becker.

According to AMS, Gomez should have filed these motions in the MDL proceedings and the failure to do so both undercuts the efficiency of MDL proceedings and somehow prejudices AMS. AMS also argues the *Daubert* motions are irrelevant because they relate to different "products," "plaintiffs," "expert reports and opinions," "product

design," "Material Safety Data Sheets," and "mesh manufacturer." (Doc. 81 at 5).

The Motion to Strike the Dr. Badylak and Dr. Becker *Daubert* motions will be granted. Gomez's motions were improperly filed. Filing three briefs in support of one motion was improper. Filing briefs that pertained to different expert reports about different products was improper, especially after the Court's order to "only include factual information relevant to this Plaintiff." (Doc. 56). Failing to make a timely motion at the MDL stage was improper. Moreover, the Court could not find Dr. Badylak or Dr. Becker's expert report for this case anywhere in the record. A court cannot rule on a motion without having the relevant facts before it. The Court thus has no choice but to strike the motions to exclude Dr. Badylak (Doc. 66) and Dr. Becker (Doc. 62) from the record.

However, the Court does not find that AMS would be prejudiced by late *Daubert* motions. There are three months before Motions in Limine are due and four months before the final pretrial conference. (Doc. 89). Further, the case has not yet been set for trial. As discussed below, AMS has also failed to comply with orders and rules in this case. As such, the Court will allow Gomez a chance to refile motions to exclude Dr. Badylak and Dr. Becker. Any such motion must pertain to the facts and law relevant to this case. That is, Gomez must prepare motions specifically for this case. She cannot merely adopt the briefing from other cases, involving different products and plaintiffs.

As to the Motion to Strike Gomez's *Daubert* motion for Dr. Joslin, the motion will be denied. On August 31, 2020, AMS filed a Motion to Strike Gomez's *Daubert* motion for Dr. Joslin because it was filed more than three weeks late. (Docs. 91; 92 at 1). AMS does not allege prejudice and, in fact, AMS argues the merits of the *Daubert* motion in its Motion to Strike. (Doc. 92 at 3–9). Because AMS does not allege prejudice, AMS's Motion to Strike (Doc. 91) the *Daubert* motion as to Dr. Joslin will be denied.

## II. MISSING OR IMPROPER FILINGS

The attorneys for both parties have failed to fully comply with Court Orders and rules in this case. Reply briefing is absent from all *Daubert* motions. Gomez did not respond to AMS's Motion to Strike the *Daubert* motion related to Dr. Debora L. Joslin. (Doc. 91). Gomez improperly filed *Daubert* motions as to Dr. Badylak and Dr. Becker.

- 5 -

There are around 5,000 pages in total attached to all *Daubert* briefing. Court resources are ill spent wading through thousands of irrelevant pages. By failing to file relevant motions and exhibits, Gomez sent the Court on a fishing expedition to a lake with no fish.

Gomez's filings have consistently failed to comply with Local Rules. (*See e.g.*, Doc. 62). The Clerk has notified Gomez repeatedly of this failure, but Gomez has failed to conform to the Rules in every subsequent filing. (*See e.g.*, Doc. 86).

This Court will require the parties to strictly comply with all Local and Federal Rules as well as the Orders of this Court. Now that this case is being prepared for trial, the parties must focus their efforts on the particular allegations and facts involved here. Because Gomez's claims involve matters of Arizona law, the parties must focus on Arizona law. Again, the parties shall also recognize that proceeding in the District of Arizona means they must comply with the District of Arizona's rules and procedures. Failure to comply with all orders, rules, and procedures will result in sanctions, which may include granting or denying motions, dismissal of claims or defenses, default judgment, or awards of attorneys' fees.

Accordingly,

**IT IS ORDERED** AMS's Motion to Strike (Doc. 81) the *Daubert* motions for Dr. Stephen F. Badylak and Dr. Karen Backer is **GRANTED**. The Clerk of Court is to **STRIKE** from the record Gomez's Motion to Exclude the Testimony of Stephen F. Badylak (Doc. 66) and Motion to Exclude Certain Opinions and Testimony of Dr. Karen Becker (Doc. 62).

**IT IS FURTHER ORDERED** AMS's Motion to Strike (Doc. 91) the Motion to Exclude the Testimony of Debora L. Joslin, PH.D. is **DENIED**. The Motion to Strike (Doc. 91) will be construed as AMS's Response to Gomez's Motion to Exclude (Doc. 70).

**IT IS FURTHER ORDERED** Gomez may file new *Daubert* motions as to Dr. Badylak and Becker no later than **December 21, 2020**. Responses are due no later than **January 4, 2021** and replies are due no later than **January 11, 2021**.

…

**IT IS FURTHER ORDERED** the parties shall file replies to each of their pending *Daubert* motions no later than **December 18, 2020**.

Dated this 11th day of December, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge