**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Gomez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>American Medical Systems Incorporated,<br><br>　　　　　　Defendant. | No. CV-20-00393-PHX-ROS<br><br>**ORDER** |

　　　　On February 18, 2021, Plaintiff Shannon Gomez's attorney, Jeffery L. Haberman, filed a motion to vacate the granting of Defendant American Medical Systems' ("AMS") unopposed *Daubert* motion regarding the general causation opinions of Dr. Rosenzweig. (Doc. 114). While Haberman has been grossly negligent, no prejudice has been alleged. The motion will be granted, but Haberman will be ordered to pay AMS's attorneys' fees and costs incurred in responding to this motion unless AMS's attorney waives.

　　　　A court may relieve a party from an order for mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief. Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b) provides district courts discretion to undo orders and judgments "in order to reach the merits of questions that have been decided wrongly or not at all." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147–50 (2001). While Rule 60(b) "must be liberally applied" so that a case is "decided on the merits," the moving party is not "absolved from the burden of demonstrating" excusable neglect. *Id.* at 696. "To determine whether a party's failure to

meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1261 (9th Cir. 2010)

Here, the reason for the delay weighs against a finding of excusable neglect. It appears from the record that Haberman has been grossly negligent. Haberman argues that his failure to file a response motion was "inadvertent oversight—much in the same way that Defendant inadvertently missed two Court-ordered deadlines to re-file its motion." (Doc. 115 at 1). Essentially, Haberman argues it is not his fault for missing the filing deadline, but AMS's fault for not having filed this *Daubert* motion earlier. (Doc. 115 4–5). Citing the Court's allowance of AMS's late-filed *Daubert*, Haberman intimates he has been treated unfairly by the Court.[1] This argument, of course, fails to address Haberman's individual failure to comply with the order of the Court after the Court's explicit warning that parties must strictly comply with Orders or suffer sanctions "including granting or denying motions." (Doc. 94 at 6).

Further, Haberman fails to acknowledge the myriad times the Court had previously given him leave to remedy to no avail. Haberman first failed to respond to AMS's motion to strike a *Daubert* motion related to Debora L. Joslin. (Doc. 91). Then, Haberman improperly filed irrelevant *Daubert* motions related to Dr. Badylak and Dr. Becker. (Docs. 62; 66). Haberman's filings consistently failed to comply with Local Rules, even after repeated notification by the Clerk. (*See e.g.*, Docs. 62; 86). Nevertheless, the Court ruled in favor of Haberman's client on AMS's unopposed motion to strike the Debora L. Joslin *Daubert* motion and allowed Haberman to refile new, relevant *Daubert* motions related to Dr. Badylak and Dr. Becker. (Doc. 94). With the explicit warning mentioned above, Haberman still failed to file a reply to the Debora L. Joslin *Daubert* motion and failed to file a response to the Dr. Rosenzweig motion. (Doc. 113). In sum, Haberman's mistake

---

[1] The Court has previously noted both parties' negligence in prosecuting this case. (*See* Doc. 94).

here is not inadvertent oversight, but another example in a pattern of gross neglect. The Court and Haberman's client both deserve better.

Next, Haberman argues the "flurry of documents and motions" and his busy schedule excuses his failure. However, Haberman's own account suggests the filing required little to no work beyond the actual filing of the document through the Court's Electronic Case Filing system.[2] (Doc. 115 at 2). Significantly, Haberman states the parties had "fully briefed this issue back in October of 2018." (Doc. 115 at 2). Having been admitted pro hac vice, Haberman is subject to the Arizona Rules of Professional Conduct. Local Rule 83.2(e). Ethical Rule 1.3 requires a lawyer to "act with reasonable diligence and promptness in representing a client." The comments to Rule 1.3 state "[a] lawyer's work load must be controlled so that each matter can be handled competently." Making matters worse, Haberman blames his failure on his paralegal who "is generally responsible for calendaring case deadlines." (Doc. 115 at 5–6). This is plainly no excuse. It is Haberman's duty and his alone to represent Gomez with diligence. *See* Ariz. R. Sup. Ct. ER 5.3. His failure to do so is grossly negligent. And that Dr. Rosenzweig's expert testimony "is critical to the case" and its exclusion would cause "extreme prejudice" only makes Haberman's failure more incomprehensible. (Doc. 115 at 1–2).

However, the bar for excusable neglect is low. The other three factors all support granting the motion to vacate. First, AMS does not allege it will suffer prejudice. (Doc. 117). Second, the length of delay will be minimal as Gomez will be ordered to file her response on February 28, 2021 and AMS will then have seven days to reply. Third, there is no evidence of bad faith, deviousness, or willfulness, only negligence. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) ("[Counsel] showed a lack of regard for his client's interests and the court's docket. But there is no evidence that he acted with anything less than good faith."). Because three of the four factors weigh in favor, the motion to vacate will be granted.

---

[2] Haberman attached his draft response brief just two days after the February 16, 2021 order, although he failed to attach the correct Judge's initials on the brief. Haberman remedied the error in the exhibit attached to his reply. (Doc. 118-1).

**IT IS ORDERED** Gomez's motion to vacate (Doc. 114) is **GRANTED**.

**IT IS FURTHER ORDERED** Haberman shall reimburse AMS's reasonable attorneys' costs and fees incurred in litigating Gomez's motion to vacate (Doc. 114). The parties shall confer within ten days of this Order and, if they can reach agreement, no later than **March 8, 2021**, they shall file a stipulation regarding the amount of the attorneys' fees to be paid by Haberman and that such fees have been received by AMS's counsel. If they cannot agree, no later than **March 8, 2021**, AMS's counsel shall file a motion seeking attorneys' fees which identifies the exact amount requested with supporting documentation. Plaintiff shall file its response no later than **March 15, 2021** and Defendants shall file its reply no later than **March 22, 2021**. AMS's counsel may choose to waive the reimbursement of attorneys' costs and fees, but AMS's counsel is not obligated to do so.

**IT IS FURTHER ORDERED** the Order granting AMS's amended motion to limit the general causation opinions and testimony of Bruce Rosenzweig (Doc. 113) is **VACATED**.

**IT IS FURTHER ORDERED** Plaintiff shall file her response to AMS's *Daubert* motion (Doc. 104) no later than **March 1, 2021**. Defendant shall file its reply no later than **March 8, 2021**.

Dated this 26th day of February, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge